UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WISE,

                  Petitioner,

                                            CASE NO. 05-CV-72436-DT

v.                                  HONORABLE PAUL D. BORMAN

ANDREW JACKSON,

                  Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.     Introduction**

       Raymond Wise ("Petitioner"), a state prisoner presently confined at the Mound

Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.

Petitioner pleaded guilty to first-degree criminal sexual conduct in the Wayne County Circuit

Court in 2002 and was sentenced to 126 months to 20 years imprisonment.  In his pleadings,

Petitioner raises claims concerning his sentence.  For the reasons stated below, the Court denies

the petition for writ of habeas corpus.  The Court also denies a certificate of appealability and

leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

       Petitioner's conviction arises from his sexual conduct with the 14-year-old daughter of

his deceased girlfriend, which resulted in the birth of a child.  The victim and other siblings lived

1

with Petitioner at the time of the incident in 1998.  Petitioner agreed to plead guilty to first-degree criminal sexual conduct in exchange for a sentence at the low end of the sentencing guideline range, which called for a minimum sentence between 126 months and 171 months imprisonment.  Petitioner entered his plea on November 18, 2002.  The trial court sentenced him to 126 months to 20 years imprisonment on December 2, 2002.

Petitioner subsequently moved for correction of the pre-sentence report and for re-sentencing based upon the victim's and the family's request for leniency.  The trial court agreed to correct the pre-sentence report, but ultimately denied the motion for re-sentencing following a hearing on October 2, 2003.

Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals asserting the following claims:

I.     The information contained in the pre-sentence report failed to inform the court of defendant's character and antecedents.  Defendant must be re-sentenced.

    A.     The court was not informed of defendant's character and antecedents.  The victim submitted an affidavit providing substantive background information which the court, acceding to the prosecutor, failed to consider.  The defendant is entitled to be re-sentenced.

    B.     Had the court been fully apprised of the defendant's character and antecedents and all of the circumstances of this case, its sentencing would have been different.  The court abused its discretion in failing to read the victim's letter and not allowing the victim to address the court in chambers.

    C.     Defendant asserts that the significant inaccurate information contained in the pre-sentence report will, in addition to having resulted in a disproportionate sentence, cause him to be improperly classified by the Department of Corrections and affect his ability to obtain parole.

2

The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Wise*, No. 252383 (Mich. Ct. App. Feb. 11, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Wise*, 471 Mich. 871, 685 N.W.2d 673 (2004).

Petitioner thereafter filed the instant habeas petition asserting the same sentencing claims raised in the Michigan appellate courts. Respondent filed an answer to the petition contending that the claims should be denied as non-cognizable and for lack of merit.

**III.    Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

3

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow,

4

J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.     Analysis

Petitioner essentially claims that he is entitled to habeas relief because the trial court failed to fully consider his character and other matters, including the victim's wishes, at the time of sentencing. Petitioner asserts that his sentence is disproportionate, not individualized, and based upon inaccurate information. Respondent contends that these claims are not cognizable upon habeas review and/or lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). The Eighth Amendment does not require consideration of mitigating factors in non-capital cases. *See Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001); *see also Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502

U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors. Petitioner had an opportunity to, and did, contest the accuracy of the pre-sentence report and other sentencing factors. The Court was made aware of the victim's and the family's concerns. It also appears that the trial court granted the request to correct the pre-sentence report. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is not warranted on this basis.

Lastly, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

"Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583.  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced to 126 months to 20 years imprisonment on his first-degree criminal sexual conduct conviction in accordance with his plea agreement.  The sentence was within the guideline range, as well as the statutory maximum of life imprisonment.  *See* Mich. Comp. Laws § 750.520b.  The trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment.  Habeas relief is not warranted on this basis.

**V.    Conclusion**

Having reviewed the record, this Court finds that the state courts' denial of relief in this case is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The Court thus concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial

7

showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 30, 2006.

s/Denise Goodine
Case Manager